UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAIQUAN ALLAH,

                        Plaintiff,

          -against-

D. JEANPIERRE,

                        Defendant.

25-CV-5657 (JGLC)

**ORDER OF SERVICE**

JESSICA G. L. CLARKE, United States District Judge:

      Plaintiff Jaiquan Allah, who is currently incarcerated in the Clinton Correctional Facility, brings this action *pro se*, asserting claims of federal constitutional violations under 42 U.S.C. § 1983 and seeking damages. He sues Green Haven Correctional Facility Disciplinary Hearing Officer D. Jeanpierre.

      By order dated July 25, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] The Court directs service on Jeanpierre, and directs her to comply with Local Civil Rule 33.2.

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1). Because Plaintiff seems to reveal the full name of a minor child in his IFP application, the Clerk of Court has restricted electronic access to that document to a "case participant-only" basis. *See* Fed. R. Civ. P. 5.2(a)(3).

## DISCUSSION

**A.     Service on Jeanpierre**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on assistance from the Court and the United States Marshals Service ("USMS") to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); FED. R. CIV. P. 4(c)(3) (the court must order the USMS to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Jeanpierre through the USMS, the Clerk of Court is instructed to fill out a USMS Process Receipt and Return form ("USM-285 form") for Jeanpierre. The Clerk of Court is further instructed to issue a summons for Jeanpierre and deliver to the USMS all the paperwork necessary for the USMS to effect service of a summons and the complaint on Jeanpierre.

If a summons and the complaint are not served on Jeanpierre within 90 days after the date that the summons for Jeanpierre is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss this action if he fails to do so.

---

[2]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve Jeanpierre until 90 days after the date that a summons for Jeanpierre issues.

B.  **Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires particular defendants in certain types of prisoner actions to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the court's website under "Forms" and are titled "[Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents](#)." Within 120 days of the date of service of a summons and the complaint, Jeanpierre must serve responses to those standard discovery requests. In her responses, Jeanpierre must quote each request verbatim.[3]

## CONCLUSION

The Court directs the Clerk of Court to mail an information package to Plaintiff. The Court also directs the Clerk of Court to: (1) issue a summons for Defendant D. Jeanpierre; (2) complete a USM-285 form for Defendant D. Jeanpierre; and (3) deliver all documents necessary to effect service of a summons and the complaint on Defendant D. Jeanpierre to the USMS.

The Court further directs Defendant D. Jeanpierre to comply with Local Civil Rule 33.2 within 120 days of the date of service of a summons and the complaint.

Dated:   September 3, 2025
         New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

---

[3] If Plaintiff would like copies of those discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the court's Pro Se Intake Unit.

**SERVICE ADDRESS FOR DEFENDANT**

D. Jeanpierre
Hearing Officer
Green Haven Correctional Facility
594 Route 216
Stormville, New York 12582-0010