UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAIQUAN ALLAH,

Plaintiff,

-against-

D. JEANPIERRE, Hearing Officer,

Defendant.

25-CV-5657 (JGLC)

**OPINION AND ORDER**

JESSICA G. L. CLARKE, United States District Judge:

Pro se Plaintiff Jaiquan Allah brings this Section 1983 claim against Defendant Hearing Officer Daphney Jean Pierre. Plaintiff alleges that, while he was incarcerated at Green Haven Correctional Facility, Defendant violated his procedural due process rights in a disciplinary hearing and wrongfully imposed disciplinary sanctions, including a ninety-day transfer to a Special Housing Unit. Because Plaintiff has failed to allege that he suffered a prejudicial procedural error or that Defendant acted outside the scope of her employment, the Court grants Defendant's motion to dismiss in its entirety. Furthermore, because any amendment would be futile, the Court denies Plaintiff leave to amend.

**BACKGROUND**

The following facts are, unless otherwise noted, taken from the Complaint, ECF No. 1 ("Compl.") and presumed to be true for the purposes of the instant motion. *See LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009). Additionally, certain facts are taken from Plaintiff's opposition to the motion to dismiss. *See Johnson v. Rockland Cnty. BOCES*, No. 21-CV-3375 (KMK), 2022 WL 4538452, at *1 n.3 (S.D.N.Y. Sept. 28, 2022) (stating that the "mandate to read the papers of pro se litigants generously makes it appropriate to consider [a] plaintiff's additional materials, such as his opposition memorandum" in considering

a motion to dismiss (quoting *Gadson v. Goord*, No. 96-CV-7544 (SS), 1997 WL 714878, at *1 n.2 (S.D.N.Y. Nov. 17, 1997))).

At all relevant times, Plaintiff was incarcerated at Green Haven Correctional Facility in Stormville, New York. Compl. at 1–2. On January 3, 2025, at approximately 3:20 p.m., Plaintiff was charged in a misbehavior report with Rule Violations 113.10, 113.23, and 113.11, for possessing a weapon, contraband, and altered item, respectively. *Id*. at 2. After unwillingly spending three days on suicide watch, on January 6, 2025, Plaintiff was taken to the Special Housing Unit ("SHU"). *Id.* On January 7, 2025, Plaintiff received a "disciplinary Tier 3 ticket" resulting from the January 3 incident. *Id.*

On January 10, 2025, Plaintiff appeared before Defendant Hearing Officer Daphney Jean Pierre[1] for a Tier 3 hearing. *Id.* The Court understands that "Tier III hearings are held for the most serious violations of institutional rules." *See Colon v. Howard*, 215 F.3d 227, 229 (2d Cir. 2000) (internal citation and quotation marks omitted). At this hearing, Plaintiff requested video evidence of the Office of Mental Health ("OMH") suicide watch cell for his defense. *Id.* Plaintiff requested this video because the OMH camera "directly faced the area where [Plaintiff] was stripped" searched.[2] ECF No. 23 (collectively, with ECF No. 20-1, "Opp.") at 7. Defendant Jean

[1] Plaintiff names Defendant as "D. Jeanpierre." *See* Compl. However, Defendant refers to herself as "Daphney Jean Pierre." *See* ECF No. 18 ("MTD").

[2] Plaintiff does not identify what event and from what date the video footage was purportedly captured. Defendant argues "that the requested video showed [Plaintiff] during the period he was in a suicide watch cell between January 3, 2025 and January 6, 2025, *after* the incident for which he was disciplined took place." MTD at 8. However, construing the Complaint in the light most favorable to Plaintiff, the Court assumes for the purpose of this Opinion that the video captured the underlying incident which served as the basis of Plaintiff being charged with possessing a weapon, altered item, and contraband.

Pierre accordingly adjourned the hearing and told Plaintiff that she would obtain the video from the OMH. Compl. at 2.

Six days later, on January 16, 2025, the hearing resumed. *Id.* Defendant did not provide Plaintiff the requested video and explained that the video was not viewable. *Id.* Plaintiff then pled guilty to all three rule violations in the January 3 misbehavior report. *Id.* at 2, 17, 21[3] (stating in the hearing disposition report that Plaintiff "pled guilty" to the three rule violation charges). In response, Defendant imposed a disciplinary sanction of ninety days in the SHU and fifty days lost of phone privileges. *Id.* at 2.

Plaintiff then appealed "to the Director of Special Housing/Inmate Discipline Central Office in Albany." *Id.* However, on January 17, 2025, Plaintiff was transferred from Green Haven Correctional Facility to the Upstate Correctional Facility SHU. *Id.* at 3. Plaintiff implies that his time in the SHU involved solitary confinement and described "conditions of prolonged isolation." Opp. at 6. In the SHU, Plaintiff had no physical access to the law library, limited phone access, and no access to gym equipment, his personal tablet, the barbershop, and religious services. Compl. at 3. Additionally, Plaintiff's visits were no-contact, and the Upstate Correctional Facility, unlike the Green Haven Correctional Facility, was not in close proximity to Plaintiff's son. *Id.* While in the SHU, Plaintiff "lost a tremendous amount of weight." *Id.*

On March 14, 2025, the Commission of the New York State Department of Corrections and Community Supervision ("DOCCS") reversed Plaintiff's January 3 disciplinary ticket and Tier 3 hearing. *Id.* DOCCS reversed on the basis that the hearing officer failed to properly

---

[3] Plaintiff attached the hearing disposition report to his Complaint. *See* Compl. at 15, 17, 19, 21. Defendant filed a more legible, but otherwise identical, copy of excerpts of this same report. *See* ECF No. 19-1. The Complaint is deemed to include these documents attached to it, so that the Court may consider these documents in deciding the present motion to dismiss. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002).

consider the OMH video evidence. Opp. at 10. The ticket was ultimately expunged from Plaintiff's record. Compl. at 3, 9. On March 18, 2025, Plaintiff was transferred from the Upstate Correctional Facility SHU to Clinton Correctional Facility. *Id.* at 3.

On July 8, 2025, Plaintiff initiated this action against Defendant Jean Pierre. Compl. Plaintiff asserts three claims: (1) denial of due process by "denying [P]laintiff the opportunity to present video evidence in his defense . . . at his disciplinary hearing"; (2) "wrongful confinement" based on Defendant "recklessly violating his right to procedural due process"; and (3) a violation of the statutory time limits for solitary confinement set forth in the New York State Humane Alternatives to Long-Term Solitary Confinement ("HALT") Act, New York Correctional Law § 137. *Id.* at 4. Plaintiff seeks $33,500 in monetary damages. *Id.* at 5.

On February 3, 2026, Defendant moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1). ECF No. 17. On March 19, 2026, Defendant filed her reply to her motion to dismiss, ECF No. 20, and attached Plaintiff's opposition. ECF No. 20-1. Plaintiff also mailed his opposition to the Court. ECF No. 23. With his opposition, Plaintiff also filed a motion for relief, requesting denial of Defendant's Motion to Dismiss. ECF No. 22. In the alternative, Plaintiff also requests leave to amend. Opp. at 7–8.

**LEGAL STANDARD**

In reviewing a motion to dismiss under Rule 12(b)(6), the Court must "constru[e] the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008) (internal citation omitted). "When deciding a Rule 12(b)(6) motion, a district court may consider, in addition to the factual allegations in the complaint, 'documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint.'" *Gagliardi v. Prager Metis*

*CPAs LLC*, 738 F. Supp. 3d 469, 484 (S.D.N.Y. 2024) (quoting *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010)).

A claim will survive a Rule 12(b)(6) motion only if the plaintiff alleges facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678. If a complaint does not state a plausible claim for relief, it must be dismissed. *Id*. at 679.

Pro se complaints "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal citation omitted). "Such a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hughes v. Rowe*, 449 U.S. 5, 10 (1980) (internal citation omitted); *see also Boykin v. KeyCorp*, 521 F.3d 202, 216 (2d Cir. 2008) ("[D]ismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases."). Because Plaintiff is proceeding *pro se*, the Court must liberally construe his Complaint and interpret it "to raise the strongest claims that it suggests." *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018) (internal citation omitted). "Nevertheless, dismissal of a *pro se* complaint is appropriate where a plaintiff fails to state a plausible claim supported by more than conclusory factual

allegations." *Blue v. City of New York*, No. 16-CV-9990 (VSB), 2018 WL 2561023, at *4 (S.D.N.Y. June 4, 2018) (citing *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)).

## DISCUSSION

Defendant moves to dismiss Plaintiff's federal claims for failure to state a claim and Plaintiff's state claim for lack of subject matter jurisdiction. First, the Court dismisses Plaintiff's procedural due process and wrongful confinement claims for failure to state a claim. Next, the Court dismisses Plaintiff's HALT Act claim for lack of jurisdiction. Finally, the Court denies Plaintiff leave to amend, because any amendment would be futile.

### I. Defendant's Motion to Dismiss Plaintiff's Due Process and Wrongful Confinement Claims Is Granted

Plaintiff asserts two claims arising from the alleged denial of his opportunity to present video evidence at the Tier 3 hearing, and subsequent confinement in SHU. The Court considers these claims, which arise from the same facts and require allegation of deprivation of due process, together. *See McGowan v. United States*, 825 F.3d 118, 126 (2d Cir. 2016) ("To recover for wrongful confinement, a prisoner must demonstrate that 'he had been subjected to punitive segregation for no legitimate reason and without the rudimentary protections of due process.'" (quoting *Willey v. Kirkpatrick*, 801 F.3d 51, 71 (2d Cir. 2015))); *White v. Gutwein*, No. 20-CV-04532 (NSR), 2022 WL 17834149, at *5 (S.D.N.Y. Dec. 21, 2022), *reconsidered in part on other grounds*, 2023 WL 5803708 (S.D.N.Y. Sept. 6, 2023) (dismissing a "[p]laintiff's wrongful confinement claim [a]s duplicative of his conditions of confinement and due process claims"). Because Plaintiff has failed to allege a prejudicial procedural error, neither claim survives Defendant's motion.

"In order to prevail in an action based on [Section] 1983 and the Fourteenth Amendment, a prison inmate must demonstrate a deprivation of a liberty interest protected by the Due Process

Clause itself, or a violation of a state-created liberty interest." *Williams v. Bonano*, No. 24-CV-1586 (KMK), 2025 WL 2711406, at *3 (S.D.N.Y. Sept. 23, 2025) (cleaned up). "To present a due process claim, a plaintiff must establish (1) that he possessed a liberty interest and (2) that the defendant(s) deprived him of that interest as a result of insufficient process." *Id.* (quoting *Ortiz v. McBride*, 380 F.3d 649, 654 (2d Cir. 2004)).

With respect to the first requirement, "[p]rison discipline implicates a liberty interest when it 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Id.* (quoting *Ortiz*, 380 F.3d at 654). "In determining whether disciplinary confinement is sufficiently onerous to impact a protected liberty interest, this Court focuses on two factors: the duration of the confinement and the conditions under which it occurs." *Vidal v. Venettozzi*, 171 F.4th 611, 617 (2d Cir. 2026).

Here, Plaintiff alleges "unusually harsh and severe" restrictive conditions in his 74-day SHU confinement, which consisted of three days of suicide watch and eleven days in the Green Haven Correctional Facility SHU prior to his hearing (from January 3, 2025, through January 17, 2025), and sixty days in the Upstate Correctional Facility SHU (from January 17, 2025, to March 18, 2025). Opp. at 5–6; Compl. at 2–3. Considering that there is no developed record regarding the SHU conditions before the Court, the Court assumes without deciding that Plaintiff has alleged a liberty interest. *See Vidal*, 171 F.4th at 617 (internal citation and quotation marks omitted) (acknowledging that "SHU confinements of fewer than 101 days could constitute atypical and significant hardship if either (1) the conditions were more severe than the normal SHU conditions or (2) a more fully developed record showed that even relatively brief confinements under normal SHU conditions were, in fact, atypical").

However, Plaintiff's procedural due process claim still fails on the second prong. Because even if Plaintiff alleged that he possessed a liberty interest in freedom from his SHU confinement, Plaintiff has failed to allege that not having the opportunity to present the video constituted a prejudicial procedural error. "[A] prisoner subject to disciplinary proceedings is not due the same 'full panoply of rights' to which a defendant in a criminal prosecution is entitled." *Oladokun v. Rickard*, No. 25-CV-7674 (JMF), 2026 WL 2593280, at *2 (S.D.N.Y. Sept. 2, 2026) (quoting *Smith v. Fischer*, 803 F.3d 124, 127 (2d Cir. 2015) (per curiam)). In such disciplinary proceedings, only "the minimal process guaranteed by the Constitution" is due. *Id.* (cleaned up). This process consists of "[1] advance written notice of the charges; [2] a fair and impartial hearing officer; [3] a reasonable opportunity to call witnesses and present documentary evidence; and [4] a written statement of the disposition, including supporting facts and reasons for the action taken." *Id.* (quoting *Smith*, 803 F.3d at 127).

Here, Plaintiff does not appear to contest the first and fourth elements, as he alleged that he "received a disciplinary Tier 3 ticket" three days prior to the hearing, and attached the written statement of the disposition to the Complaint. *See* Compl. at 2, 11–13, 15–23. Furthermore, Plaintiff makes no allegations regarding Defendant's fairness and impartiality beyond his allegations regarding the denial of the production of the OMH video. *Id.* at 2. Rather, Defendant's alleged due process violation is Defendant's failure to allow Plaintiff to present video evidence. Specifically, Plaintiff alleges that Defendant informed him, without further explanation, that the requested video evidence was "not viewable." Compl. at 2. However, Plaintiff alleges no facts that support that the video was in fact viewable or wrongfully withheld from the hearing.

Nevertheless, even assuming that Plaintiff did not have a reasonable opportunity to present the video evidence, it would have constituted harmless error. "To establish a procedural due process claim in connection with a prison disciplinary hearing, an inmate must show that he was prejudiced by the alleged procedural errors, in the sense that the errors affected the outcome of the hearing." *Clark v. Dannheim*, 590 F.Supp.2d 426, 429 (W.D.N.Y. 2008). "Harmless error analysis applies to prison disciplinary hearings" and "[c]ourts may find harmless error where a prisoner fails to show that the error negatively affected the outcome of the proceeding, or that it impaired the prisoner's ability to prepare a defense." *Marino v. Humphrey*, No. 05-CV-6571 (SAS), 2006 WL 2786182, at *5 (S.D.N.Y. Sept. 27, 2006). *See Colantuono v. Hockeborn*, 801 F. Supp. 2d 110, 115 (W.D.N.Y. 2011) (dismissing an incarcerated plaintiff's procedural due process claim because "plaintiff has not alleged what [the potential witness] would have testified about, much less what the substance of [the witness's] testimony would have been, or how it would have helped plaintiff"). Courts in this District have determined that certain procedural errors were harmless when the inmate admitted guilt to rule violations. *See Roseboro v. Gillespie*, 791 F. Supp. 2d 353, 378–79 (S.D.N.Y. 2011) ("Given that Roseboro admitted violating MCC rules, which was the basis for the disciplinary charges addressed at the June 4, 2009 hearing, Roseboro cannot show that the outcome of the hearing would have been different had he called witnesses or had a staff member assist him.").

Here, Plaintiff alleges that had he been able to present the video evidence, "the placement in the SHU would not have occurred." Compl. at 2. However, the documents attached to the Complaint show that Plaintiff pled guilty to the three rule violations that were the subject of the Tier 3 hearing. Compl. at 17; *see also* ECF No. 19-1 at 2. *See also* Opp. at 10 (conceding that Plaintiff pled guilty to the three rule violations). Plaintiff does not dispute that he was in fact

guilty of the rule violations, and he does not explain why the video evidence would have supported his position at the Tier 3 hearing. His "bare allegation that [the video evidence] was denied fails to" meet the standard for pleading prejudicial error. *Colantuono*, 801 F.3d at 115.

Therefore, because Plaintiff has not sufficiently alleged a prejudicial procedural error, the Court grants Defendant's motion to dismiss Plaintiff's procedural due process and wrongful confinement claims.

## II. Defendant's Motion to Dismiss Plaintiff's HALT Act Claim Is Granted

Defendant maintains that the Court lacks jurisdiction over Plaintiff's HALT Act claim. MTD at 9. In his opposition, Plaintiff clarifies that he "does not assert a standalone HALT claim," and that his allegations related to the statutory violation were "not the claim, [but rather] evidence of the [c]onstitutional violation and the extraordinary nature of the punishment imposed." Opp. at 11–12. However, in another portion of his opposition brief, *see* Opp. at 8–9, Plaintiff opposed dismissal of the HALT claim, so the Court addresses it below.

Federal district courts generally lack jurisdiction over state law claims alleging violation of the HALT Act. *See Evans v. Atkins*, No. 24-CV-927 (CS), 2025 WL 2444309, at *12 (S.D.N.Y. Aug. 25, 2025); *Coleman v. Wolcott*, No. 24-CV-6182-(MAV), 2025 WL 1695996, at *8 n.10 (W.D.N.Y. June 17, 2025). N.Y. Corr. Law § 24 divests federal district courts of "subject matter jurisdiction over state law claims for money damages that are asserted against DOCCS employees who were acting in the scope of their employment when the alleged violation occurred." Instead, "state law claims for damages for acts or omissions committed by DOCCS employees within the scope of their employment [must] be brought exclusively in the New York Court of Claims as claims against New York State." *DeMeo v. Koenigsmann*, No. 11-CV-7099 (HBP), 2015 WL 1283660, at *18 (S.D.N.Y. Mar. 20, 2015).

Plaintiff argues that Defendant acted outside the scope of employment by imposing 90 consecutive days of confinement in SHU and violating Plaintiff's due process rights. Opp. at 8–9. "In determining whether Section 24 applies, courts look to the factors associated with New York's scope of employment analysis." *Mrani v. N.Y. State Dep't of Corr. & Cmty. Supervision*, No. 21-CV-1072 (NSR) (AEK), 2023 WL 3736781, at *4 (S.D.N.Y. May 31, 2023). These factors are

> the connection between the time, place and occasion for the act; the history of the relationship between employer and employee as spelled out in actual practice; whether the act is one commonly done by such an employee; the extent of departure from normal methods of performance; and whether the specific act was one that the employer could reasonably have anticipated.

*Ierardi v. Sisco*, 119 F.3d 183, 187-88 & n.3 (2d Cir. 1997) (quoting *Riviello v. Waldron*, 47 N.Y.2d 297, 303 (1979)).“While it is true that both New York and federal courts have on occasion found that the on-the-job conduct of [DOCCS] employees was outside the scope of employment, such holdings generally have been limited to cases in which the conduct was prompted purely by personal reasons unrelated to the employer's interest, or indicated an intentional course of conduct contrary to institutional rules, training and common sense." *Mrani*, 2023 WL 3736781, at *5 (quoting *Degrafinreid v. Ricks*, 452 F. Supp. 2d 328, 334 (S.D.N.Y. 2006)).

Here, Plaintiff has not plausibly alleged that Defendant acted outside the scope of her employment during the underlying events. There are no allegations to support that any of Defendant's conduct was motivated by personal reasons. Furthermore, there is nothing to indicate that Defendant not providing Plaintiff with a video that was inaccessible constitutes an intentional disregard of rules, training, and common sense. Plaintiff also points to Defendant's violation of the HALT Act to argue that Defendant acted outside the scope of her employment.

Opp. at 8–9. However, in denying jurisdiction over HALT Act claims, courts in this District have determined that imposing periods of SHU confinement that exceed the limits of the HALT Act are generally within the scope of a hearing officer's employment. *See Evans*, 2025 WL 2444309, at *12 (collecting cases). Accordingly, because there are no plausible allegations that Defendant acted outside the scope of her employment, the Court must dismiss Plaintiff's HALT Act claim for lack of jurisdiction.

**III. The Court Denies Leave to Amend**

In the event of dismissal of his Complaint, Plaintiff requests leave to amend. Opp. at 7. However, the Court denies leave to amend, because any such amendment would be futile. To be sure, "[l]eave to amend should be freely given, and a pro se litigant in particular should be afforded every reasonable opportunity to demonstrate that [he] has a valid claim." *Atherley v. N.Y.C. Dep't of Educ.*, No. 23-CV-383 (JGLC), 2024 WL 1345741, at *13 (S.D.N.Y. Mar. 29, 2024) (internal citation omitted). The Second Circuit interprets Rule 15 of the Federal Rules of Civil Procedure liberally, which is "consistent with [its] strong preference for resolving disputes on the merits." *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015) (internal quotation marks and citation omitted); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."). "[A] pro se litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim." *Matima v. Celli*, 228 F.3d 68, 81 (2d Cir. 2000) (cleaned up).

However, "[l]eave may be denied 'for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.'" *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d

Cir. 2007). Ultimately, "it is within the sound discretion of the district court to grant or deny leave to amend," *McCarthy*, 482 F.3d at 200, and given the substantive defects with Plaintiff's claims, amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011) (affirming district court's dismissal of claim without leave to amend where amendment would have been futile).

Here, Plaintiff identifies no additional facts that may cure the deficiencies of his Complaint. *See* Opp. Furthermore, any amendment would be futile because no additional allegations by Plaintiff would alter that the requested video was inaccessible and that Plaintiff admitted to the underlying rule violations, which established that there was no prejudicial procedural error. Similarly, there is no indication that any amendment would lift the jurisdictional bar to Plaintiff's HALT Act claim. Therefore, the Court denies Plaintiff's request for leave to amend.

**CONCLUSION**

For the reasons stated herein, the Court GRANTS Defendant's Motion to Dismiss in its entirety. Plaintiff's due process and wrongful confinement claims are DISMISSED with prejudice. Plaintiff's HALT Act claim is DISMISSED without prejudice to be repled in the appropriate New York state court. The Court DENIES Plaintiff leave to amend.

The Clerk of Court is directed to terminate ECF Nos. 17 and 22, and to close this case. The Clerk of Court is also directed to mail a copy of this Opinion and Order to Plaintiff.

Dated: September 28, 2026
White Plains, New York

SO ORDERED.

Jessica Clarke

JESSICA G. L. CLARKE
United States District Judge